Filed 10/8/14  P. v. Cadwallader CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

|  |  |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>  v.<br><br>VALERIE ANN CADWALLADER,<br><br>    Defendant and Appellant. | C075146<br><br>(Super. Ct. Nos. CM036127,<br>CM039318) |

This appeal comes to us pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).

On May 7, 2013, in case No. CM036127, defendant Valerie Ann Cadwallader pleaded no contest to child endangerment (count 1; Pen. Code, § 273a, subd. (a))[1] and driving under the influence (DUI) of alcohol or drugs (count 2; Veh. Code, § 23152, subd. (a)); she also admitted the allegation as to count 2 that her blood-alcohol content

---

[1] Undesignated section references are to the Penal Code.

1

was 0.15 percent or greater (Veh. Code, § 23578).  All other pending charges were dismissed.[2]  Defendant was granted four years of probation, including 120 days in jail.

On July 29, 2013, in case No. CM039318, a complaint was filed charging defendant with child endangerment (count 1; § 273a, subd. (a)), possession of a firearm by a convicted felon (count 2; § 29800, subd. (a)(1)), and possession of ammunition by a convicted felon (count 3; § 30305, subd. (a)(1)).  The complaint alleged that defendant was out of custody on a pending felony when those offenses were committed. (§ 12022.1.)

On the same date, a petition for violation of probation was filed in case No. CM036127, citing the child endangerment offense.

On August 27, 2013, in case No. CM039318, defendant pleaded guilty to count 1 and admitted the out-of-custody enhancement, with the understanding that the remaining charges would be dismissed pursuant to *People v. Harvey* (1979) 25 Cal.3d 754.  The trial court found defendant in violation of probation in case Nos. CM036127 and SCR87272.

On October 15, 2013, the trial court denied defendant probation in both cases and sentenced her to an aggregate state prison term of seven years four months, computed as follows:  in case No. CM039318, the court sentenced defendant to four years on count 1 plus two years to be served consecutively for the out-of-custody enhancement; in case No. CM036127, the court sentenced defendant to one year four months (one-third the middle term, to run consecutively to the sentence in the other case) on count 1 and a six-month concurrent sentence on count 2.  The court awarded defendant 537 days of

---

[2]  At the same time, defendant pleaded no contest to a DUI charge and an allegation of driving with a blood-alcohol content of 0.15 percent or greater in pending case No. SCR87272, as to which the record does not contain the charging document.

presence custody credits (269 actual days and 268 conduct days) in case No. CM039318 and no credits in case No. CM036127.

The court orally imposed fines, fees, and assessments as follows: "As to the fees and fines, I'm going to reimpose the $1,775 fine imposed in SCR87272 for Count I. In Count II of CM036127, the DUI, I'm imposing the fine of $1,853 that was previously imposed.

"A $40 conviction -- I'm sorry, $40 court operation assessment as to each count. That is $80 in CM036127, $40 in CM[0]39318, and a [*sic*] $40 in SCR87272.

"A $30 conviction assessment for each count. In CM036127, $30. $30, SCR87272. $30 in CM039318.

"Probation revocation fine for each felony in the amount of $280.

"$280 and the probation -- I'm sorry, I'm going to impose the probation revocation restitution fine which was suspended in CM036127. And $140 that was imposed in SCR87272 which was imposed. I'm imposing the child prevention fine [*sic*] of $1,020 in CM036127.

"Criminal justice fee of $25 for all three cases. Victim restitution is reserved to [A. M.] 10 percent per annum from the date of sentencing.

"I'm ordering that you pay the presentence investigation report as previously ordered for CM37272 [*sic*].

"An alcohol education fee in CM036127, Count II.

"And $50 for SCR87272."

The abstract of judgment shows the following fines, fees, and assessments:

A $280 restitution fine and a matching suspended parole revocation restitution fine (§§ 1202.4, subd. (b), 1202.45) in case No. CM039318.

The same fines in case No. CM036127, plus $280 now due as probation had been revoked. (§ 1202.44.)

An aggregate court operations assessment of $120. (§ 1465.8.)

An aggregate conviction assessment of $90. (Gov. Code, § 70373.)[3]

A child abuse prevention fund fine of $1,000 (§ 294, subd. (a)) and a $20 collection fee (§ 294, subd. (d)) in case No. CM036127.

An alcohol education prevention fee (Veh. Code, § 23645) of $50 in case No. CM036127.

A supplemental report fee of $736 (§ 1203.1b) in case No. CM036127.

Victim restitution reserved to [I.C.] in an amount to be determined in case No. CM039318.

An aggregate amount of $1,853 in case No. CM036127, consisting of a fine of $460 (Veh. Code, § 23530), a court surcharge of $92 (§ 1465.7), a state court facilities construction fund fee of $230 (Gov. Code, § 70372, subd. (a)), a state penalty assessment of $460 (§ 1464), a DNA identification fund fee of $46 (Gov. Code, § 76104.6), a DNA identification fund fee of $184 (Gov. Code, § 76104.7), a county penalty assessment of $322 (Gov. Code, § 76000), a DUI program assessment of $50 (§ 1463.16), a DMV fee of $5 (statute unspecified), and an "EMAT" fee of $4 (statute unspecified).

According to the probation report, on July 26, 2013, at 3:30 a.m., a police officer was dispatched to defendant's residence to assist a paramedic with an unresponsive female (defendant). Defendant's sister reported that she had found defendant passed out, lying on top of her infant daughter, after drinking heavily, and had been unable to wake her without assistance. The paramedic needed five minutes to rouse defendant; she was obviously intoxicated and refused medical attention. It eventually transpired that there was a firearm and ammunition in defendant's bedroom. Defendant's sister said she came over to care for the infant two or three times a week because defendant was too intoxicated to do so. When defendant remained uncooperative and volatile, the officer

---

[3] The abstract explains that there is only one conviction assessment fee as to case No. CM036127 because count 2 was a misdemeanor sentenced concurrently.

4

handcuffed and detained her. Approximately three hours after the initial call, defendant's blood-alcohol content was 0.13 percent. Defendant was booked into county jail on a charge of child endangerment. (§ 273a, subd. (a).)

The officer subsequently learned that defendant had been granted probation for a violation of the same statute after she was contacted while driving under the influence with her 14-year-old son in her car. On that occasion, she drove into the side of a 7-Eleven store.

Defendant was also granted probation for a DUI offense wherein she drove her car onto the guy wire to a power pole. Breath tests showed a blood-alcohol level of 0.27 or 0.28 percent.

We appointed counsel to represent defendant on appeal. Counsel filed an opening brief that sets forth the facts of the case and requests this court to review the record and determine whether there are any arguable issues on appeal. (*Wende, supra,* 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing of the opening brief. More than 30 days elapsed, and we received no communication from defendant. Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

We must remand the matter to the trial court, however, because we cannot resolve the discrepancies between the court's sentencing statement and the abstract of judgment. This is partly because the court failed to follow this court's clear directive to provide a "detailed recitation of all the fees, fines and penalties on the record," including their amounts and statutory bases. (*People v. High* (2004) 119 Cal.App.4th 1192, 1200.) Since the fines, fees, and penalties here derive from three different cases, it is imperative on remand that the court spell them out in full. Moreover, the abstract of judgment must reflect the amounts imposed as to all three cases. Finally, we note that the sentencing statement mentions victim restitution as to one victim, while the abstract mentions it as to

5

another; on remand it must be clarified whether there is one victim or two and in which case or cases any victims entitled to restitution are involved.

## DISPOSITION

Defendant's convictions and sentences are affirmed.  The matter is remanded to the trial court for further proceedings in light of this opinion.  The trial court is directed to prepare an amended abstract of judgment and to send a certified copy thereof to the Department of Corrections and Rehabilitation.


                                             RAYE            , P. J.



We concur:



        NICHOLSON        , J.



        HOCH            , J.